IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEBORAH RIGG,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )         1:14cv1093
                               )
JENNIFER URANA and RALPH       )
LAUREN CORPORATION,            )
                               )
          Defendants.          )

## MEMORANDUM ORDER

Before the court are Defendants' motions to dismiss Plaintiff Deborah Rigg's retaliation claim under Title VII. For the reasons that follow, the motions will be granted.

### I. BACKGROUND

The allegations in Rigg's *pro se* complaint, construed in the light most favorable to her, show the following.

Rigg was, and apparently continues to be, an employee of Ralph Lauren Corporation ("Ralph Lauren" or "the company"). At some undisclosed point in time, she complained to the company's human resources department that "temporary employees were being sexually harassed and discriminated against due to their race." (Doc. 3 at 2.) It is unclear whether her complaint was made just once or continually over the next two years. Bringing the issue to the attention of the company's human resources personnel, however, "has caused [Rigg] to be harassed for the past two years." (Id.)

The only retaliatory, harassing conduct that Rigg alleges are various transfers between different company facilities and departments.  On October 1, 2013, Rigg was transferred to Ralph Lauren's Eagle Hill facility.  (Id. at 3.)  It is unclear from where she was transferred.  On or about January 30, 2014, the "Pick Pack" manager received an email from Jennifer Urana stating that, as of February 3, 2014, Rigg would be reporting to "Pick Pack" permanently.  (Id.)  Urana appears to be Rigg's supervisor. (Doc. 3-1 at 3.)

On February 3, 2014, Rigg was transferred to and began working at Pick Pack.  (Doc. 3. at 3.)  The company said the transfer was because of a lack of work in returns at Eagle Hill.  (Id.)  Rigg alleges, however, that this reason is false because, while she was at Eagle Hill, the returns department was so busy that employees had to work overtime.  (Id.)  In the next sentence, however, Rigg alleges that "the Eagle Hill work load was very small and employees were taking as much as 3 days per week VTO.  That is volunteer time off without pay.  I also took VTO during that time."  (Id.)

Rigg filed an EEOC complaint on April 8, 2014.  On June 9, 2014, she was assigned to her job in returns, where she remains. (Id. at 4.)  It is unclear whether Rigg means a returns job at Eagle Hill, Pick Pack, or elsewhere.  On October 14, 2014, the Equal Employment Opportunity Commission issued Rigg a right-to-sue letter.  (Doc. 4.)

2

In her prayer for relief, Rigg does not seek any damages or injunctive relief. Instead, she seeks the "opportunity to dispute Polo Ralph Lauren's version" of the events, as well as the opportunity "to prove that sexual harassment, discrimination and retaliation did occur on the part of Polo Ralph Lauren." (Doc. 3 at 5.) Rigg has named both Urana and Ralph Lauren as defendants in this case.

Both Defendants now move separately to dismiss Rigg's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 12, 15.) The motions have been fully briefed and are ready for resolution.

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir.

3

2009) (citations omitted).

Rigg has filed several documents subsequent to the Defendants' motions to dismiss in which she asserts additional facts not contained in her complaint. (See, e.g., Doc. 24 at 9-17.) The operative document for consideration of whether a claim is stated is the complaint. Because these other statements are not included in the complaint, they will not be considered for purposes of the motions to dismiss. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

Rigg appears *pro se*. "While a *pro se* litigant's pleadings are liberally construed, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a *pro se* complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)." Adams v. Sw. Va. Reg'l Jail Auth., 524 F. App'x 899, 900 (4th Cir. 2013).[1] This liberal construction, however, does not permit the court to become an advocate for a *pro se* litigant or to rewrite her complaint. Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006); Gordon, 574 F.2d at 1152-53.

---

[1] Unpublished opinions of the Fourth Circuit are not precedential. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

4

**B. Urana's Motion to Dismiss**

Rigg appears to bring a retaliation claim against both Urana and Ralph Lauren under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

Urana is an employee of Ralph Lauren. She moves to dismiss the retaliation claim because she is not an "employer" within the meaning of Title VII. Title VII provides, in relevant part,

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

Urana is not an "employer" as defined by this statute. Rigg's complaint makes it clear that both she and Urana are simply employees of Ralph Lauren. Because Title VII does not create individual liability in such instances, even for supervisors, Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998), Rigg's claim against Urana will be dismissed with prejudice.

**C. Ralph Lauren's Motion to Dismiss**

Ralph Lauren moves to dismiss Rigg's retaliation claim against it for failure to state a claim upon which relief can be granted.

5

The elements of a prima facie retaliation claim are "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of Appeals of Md., 132 S. Ct. 1327 (2012). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss . . . , factual allegations must be enough to raise a right to relief above the speculative level." Id. (citations omitted); accord McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015). Ralph Lauren argues that Rigg has failed to plead facts establishing a plausible basis for finding an adverse employment action or causation.

An adverse employment action is one that a reasonable employee would have found materially adverse, which, in this case, means that it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted) (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Rigg has not explained how, if at all, her transfers from one part of the company to another were materially adverse, nor has she made out a plausible case that the transfers would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

6

Rigg also appears to rely upon temporal proximity alone to prove the causal link between her complaint of discrimination (by Ralph Lauren against the temporary employees) and her various transfers. There ordinarily must "be some degree of temporal proximity" between the protected activity and the retaliatory conduct. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 501 (4th Cir. 2005). Usually, when time between the two events is short, an inference of causation arises. However, a gap of three to four months of temporal proximity has been held insufficient, standing alone, to establish causation. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); Shields v. Fed. Express Corp., 120 F. App'x 956, 963 (4th Cir. 2005). Rigg's complaint does not indicate what duration passed between her complaint about discrimination and her disfavored Pick Pack transfer. Without more, the reasonable inference, *based on the allegations of complaint*, is that the duration was around "two years." (Doc. 3 at 2.) These allegations fail to make a causal connection plausible.[2]

Finally, the court notes that Rigg states that "[o]nce Polo admits the truth I could then forgive. And with forgiveness I will finally be able to move on." (Doc. 20 at 5.) While a laudable

---

[2] Rigg makes other statements as to timing in some of her filings that are not part of the complaint. The court expresses no view on whether those statements, if considered, would render her claim plausible.

7

approach, it is not the standard for this case.  The question before this federal court is whether Rigg has stated a legal claim for relief under applicable law.  At the present moment, she has not.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Urana's motion to dismiss (Doc. 12) is GRANTED, and the claims against Urana are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Ralph Lauren's motion to dismiss (Doc. 15) is GRANTED, and the claims against Ralph Lauren will be DISMISSED, but WITHOUT PREJUDICE, due to the fact that Rigg's filings subsequent to the complaint indicate that she possesses other factual matter relevant to the case but not included in the complaint.  Although Rigg proceeds *pro se*, it is not the court's role to serve as an advocate for her, and the court consequently expresses no opinion as to whether she could state a claim for relief should that information be included in the complaint.

                                        /s/   Thomas D. Schroeder
                                     United States District Judge

June 25, 2015